UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DMYTRO PERSHYN,<br>Plaintiff | : | |
| | : | Civil Action No. |
| v. | : | |
| MANUFACTURERS AND TRADERS TRUST COMPANY d/b/a M&T BANK,<br>Defendant | : | NOVEMBER 17, 2026 |

**PETITION FOR REMOVAL**

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:**

Defendant Manufacturers and Traders Trust Company d/b/a M&T Bank ("Defendant"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332, hereby gives notice of the removal of Counts this action pending in the Superior Court Judicial District of Bridgeport, Connecticut, to the United States District Court for the District of Connecticut. In support of this removal, Defendant states as follows:

**The State Court Action**

1. On or about October 21, 2026, an action was commenced against Defendant in the Superior Court Judicial District of Bridgeport, in the State of Connecticut, captioned *Dmytro Pershyn v. Manufacturers and Traders Trust Company d/b/a M&T Bank* ("State Action"), by way of service of process on Defendant's agent for service in Connecticut, CSC.

2. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Defendant in the State Action is attached hereto as **Exhibit A.**

**Grounds for Removal: Federal Question Jurisdiction**

3. With the exception of Plaintiff's retaliation claim under Conn. Gen. Stat. § 31-290a, this case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441.

4. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, which provides that the federal district courts shall have original jurisdiction over actions arising under federal law, because Plaintiff's Complaint asserts claims under the Family Medical Leave Act, 29 U.S.C. § 2615(a)(1), which arise under the laws of the United States.

5. This Court further has supplemental jurisdiction over the claims asserted by Plaintiff under Connecticut state law, with the exception of Plaintiff's retaliation claim under Conn. Gen. Stat. § 31-290a, pursuant to 28 U.S.C. § 1367 because such claims share a common nucleus of operative fact with the claims asserted under the Family Medical Leave Act, 29 U.S.C. § 2615(a)(1).

6. This Court also has original jurisdiction over this case, with the exception of Plaintiff's retaliation claim under Conn. Gen. Stat. § 31-290a, pursuant to 28 U.S.C. § 1332, which provides that the federal district courts shall have original jurisdiction over actions exceeding the sum or value of $75,000 in controversy, and is between citizens of different states.

7. The Complaint alleges that Plaintiff is, at the time of filing, a resident of Massachusetts, and was at all times relevant to the allegations in the Complaint, a resident of Connecticut. Therefore, upon information and belief, Plaintiff is a citizen of Massachusetts for the purposes of diversity analysis.

8. Defendant is a publicly held corporation, incorporated under the laws of the state of New York with a principal place of business in Buffalo, New York. Defendant has no members.

9. There is complete diversity of citizenship because the Plaintiff (Massachusetts) and the Defendant (New York) are citizens of different states.

10. There are no other defendants in this case.

11. The amount in controversy in this matter exceeds $75,000.[1] A removing party must establish "that it appears to 'a reasonable probability' that the claim is in excess of the statutory jurisdictional amount," exclusive of interest and costs. *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994). "The amount in controversy must thus appear on the face of the complaint or be established by proof. This burden is hardly onerous, however, because the Second Circuit recognizes a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Lannunziata v. Am. Stock Transfer & Tr. Co., LLC*, Civil Action No. 3:20-CV-1865 (CSH), 2021 U.S. Dist. LEXIS 15127, at *11 (D. Conn. Jan. 27, 2021) (internal citations omitted). The allegations of the Complaint demonstrate that this case meets the jurisdictional threshold.

Plaintiff seeks back pay, front pay, compensatory damages including emotional distress, punitive damages, and attorney's fees in this action, which if awarded by this Court could easily exceed the $75,000 jurisdictional threshold. (*See* Complaint, Prayer for Relief.) For example, if this Court were to award Plaintiff his attorneys' fees, that sum alone could range between $75,000-$100,000. *See, e.g.*, *Miro v. City of Bridgeport*, No. 3:30cv346 (VAB), 2024 U.S. Dist. LEXIS 14074, at *12 (D. Conn. Jan. 26, 2024) (awarding $87,080 in attorneys' fees following

[1] Defendant does not concede that Plaintiff is entitled to the relief sought.

plaintiff's verdict in employment claim). Accordingly, Defendant respectfully submits that the amount in controversy in this case exceeds $75,000 and that this case meets the requirements for diversity jurisdiction

12. As to Plaintiff's retaliation claim under Conn. Gen. Stat. § 31-290a, 28 U.S.C. § 1445(c) sets forth that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." See also Wilson v. Lowe's Home Ctr., Inc., 401 F. Supp.2d 186, 190 (D. Conn. 2005) (finding that claim under 31-290 for retaliatory discharge "arises under" Connecticut workers' compensation law). Relatedly, pursuant to 28 U.S.C § 1441(c), "(1) If a civil action includes . . . (B) . . . a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B). Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State Court from which the action was removed." Thus, Plaintiff's retaliation claim under Conn. Gen. Stat. § 31-290a should be severed and remanded to State Court.

13. The service of process on Defendant's agent taking place on October 21, 2026, was Defendant's first receipt of the process in the State Action. Thus, the Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of Defendant's receipt of the initial pleading in the State Action.

**<u>Compliance with Procedural Requirements</u>**

14. Defendant is the only defendant that has been served in this matter. Thus, no other defendants must join in or consent to the removal of this matter. *See* 28 U.S.C. § 1446(b)(2)(A).

15. Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in the United States District Court for the District of Connecticut because the county from which the State Action is being removed lies within the State of Connecticut.

16. Notice of this Petition will be filed promptly with the Superior Court for the Judicial District of Bridgeport, as required by 28 U.S.C. § 1446(d).

**Conclusion**

Having fulfilled all statutory requirements, Defendant Manufacturers and Traders Trust Company d/b/a M&T Bank removes this action to this Court from the Superior Court Judicial District of Bridgeport, Connecticut, and requests that this Court assume jurisdiction over this matter as provided by law.

**DEFENDANT,**
**MANUFACTURERS AND TRADERS TRUST COMPANY D/B/A M&T BANK**

By: */s/ James F. Shea*

James F. Shea (ct16750)
James.Shea@jacksonlewis.com
Joseph W. Fazzino (ct30878)
Joseph.Fazzino@jacksonlewis.com
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
P: (860) 522-0404
F: (860) 247-1330

**CERTIFICATION OF SERVICE**

This is to certify that on November 17, 2026 a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

*/s/ Joseph W. Fazzino*
Joseph W. Fazzino